UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WALTER KEVIN CAVERO GUARNIZO (A-Number: 240-086-959),

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondent.

No. 1:26-cv-07778-KES-SAB

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Walter Kevin Cavero Guarnizo is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v.*

*Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

Respondents state that the "detention authority in this case is 8 U.S.C. § 1226(a)," and they "acknowledge the Court's liberty interest/pre-deprivation line of cases," but they argue that "this case is factually distinguishable, as Petitioner was afforded the opportunity of release on bond, but violated his conditions by having additional contacts with law enforcement." Doc. 8 at 1. Respondents argue that "revocation of Petitioner's bond and re-detention [were] appropriate" and "8 U.S.C. § 1226(a) authorizes him to request another bond hearing before an IJ." Doc. 8 at 1. But as immigration authorities re-detained petitioner after having previously determined that he should be released on bond, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C.*, 817 F. Supp. 3d 917. While petitioner's alleged release violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to such a determination. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

As respondents have not otherwise made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

///

Respondents are ORDERED to provide petitioner Walter Kevin Cavero Guarnizo (A-Number: 240-086-959) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case, terminate all pending motions, and enter judgment for petitioner. The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 2, 2026

UNITED STATES DISTRICT JUDGE